IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. BRODZKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-796-SLR |
| | ) |
| FOX NEWS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 10th day of December, 2010;

IT IS ORDERED that the complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 and that plaintiff is given leave to amend, for the reasons that follow:

1. **Background.** Plaintiff Anthony J. Brodzki ("plaintiff") filed this action on September 20, 2010, alleging privacy and civil rights violations. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by

mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** Plaintiff resides in North Richland Hills, Texas. He alleges that broadcasters with Fox News in Dallas and Las Vegas made derogatory remarks, insulted him, and violated his privacy and civil rights. Plaintiff alleges there were public disclosures of private facts. Apparently the disclosures occurred on three occasions: September 12, 2010, by Jimmy Johnson, during the NFL Sunday pre-game show when he singled plaintiff out and insulted him; and twice during the week of September 13,

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

2010 when two separate newscasters singled him out, made references to tortious events committed against plaintiff in his youth, and linked them with current events in his life. While not clear, it appears that only a first name was used.

7. Plaintiff seeks injunctive relief to prevent further tortuous broadcasts. He filed the complaint in this district because Fox is incorporated in Delaware.

8. **Privacy.** Under Delaware law one who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of privacy, if the matter publicized is of a kind that: (1) would be highly offensive to a reasonable person; and (2) is not of legitimate concern to the public. *Barker v. Huang*, 610 A.2d 1341 (Del. 1992). Similarly, to state a claim of invasion of privacy based on public disclosure of private facts under Texas law, plaintiff must prove that: (1) publicity was given to matters concerning the plaintiff's private life;[2] (2) the matter publicized is not of legitimate public concern; and (3) the publication of those matters would be highly offensive to a reasonable person of ordinary sensibilities. *Industrial Found. of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682 (Tex. 1976).

9. Under either Delaware or Texas law, the complaint is deficient. The sparse allegations contain legal conclusions with little to no supporting facts. The complaint does not describe or even hint at the facts disclosed. In addition, it appears that only a first name was used during the broadcasts and, therefore, it is unclear if the broadcasts

---

[2]The disclosure of facts that are a matter of public record will not give rise to a public disclosure invasion of privacy claim. *See Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975) (noting that "the interests in privacy fade when the information involved already appears on the public record").

were actually about plaintiff. The facts as pled are insufficient to show that plaintiff has a "plausible claim for relief." Because the complaint does not does not meet the pleading requirements of *Iqbal*, the court will dismiss the complaint with leave to amend. However, since it appears plausible that plaintiff may be able to articulate a claim against defendant, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

10. **Conclusion**. For the above reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is given leave to file an amended complaint. If an amended complaint is not filed within thirty (30) days, then the case will be closed.

                                                                                                                            /s/
UNITED STATES DISTRICT JUDGE