## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY BRODZKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-796-SLR |
| | ) |
| FOX BROADCASTING COMPANY, | ) |
| | ) |
| Defendant. | ) |

Anthony Brodzki, North Richland Hills, Texas.  Pro Se Plaintiff.

Thomas C. Grimm, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware.  Counsel for Defendant.

**MEMORANDUM OPINION**

Dated:  June _ار_ , 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Anthony J. Brodzki ("plaintiff") filed this action on September 20, 2010, alleging privacy and civil rights violations. He appears pro se and has been granted leave to proceed without prepayment of fees. (*See* D.I. 4)  Presently before the court is plaintiff's motion for summary judgment and defendant's motion to dismiss. (D.I. 14, 22) The court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons discussed, the court will grant defendant's motion to dismiss and will deny as moot plaintiff's motion for summary judgment.

## II. BACKGROUND

The court screened the case pursuant to 28 U.S.C. § 1915, dismissed the complaint, and gave plaintiff leave to amend. Plaintiff filed an amended complaint and, following several attempts at service, defendant waived service of process. Plaintiff alleges violations of civil rights as well as the torts of assault, battery, false imprisonment, defamation, and slander.[1]

Plaintiff resides in North Richland Hills, Texas. He alleges that, during Fox football pregame shows originating in Los Angeles, Fox broadcasters Jimmy Johnson ("Johnson"), Howie Long ("Long"), Terry Bradshaw ("Bradshaw"), and Mike Stratham ("Stratham") accused him of being a pedophile. In addition, plaintiff alleges the broadcasters continually have said that he "had taken a picture of a young boy's dong,"

---

[1]Although not stated in the amended complaint, the civil cover sheet indicates that plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Defendant is not a state actor and, therefore, the civil rights claim is without merit.

and that Johnson said, "you took a picture of a boy's penis" after Long had mentioned plaintiff's name. Plaintiff alleges the events began on September 12, 2010 and continued every Sunday through and including December 19, 2010. He seeks one hundred million dollars in damages.

Defendant moves for dismissal on the grounds that the amended complaint fails to state a plausible claim for relief, the allegations appear delusional and frivolous, and plaintiff has failed to allege sufficient facts to fulfill the elements of the various causes of action. Defendant seeks dismissal without leave to amend. (D.I. 22, 23) Plaintiff opposes the motion.

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted).

A complaint does not need detailed factual allegations; however,

2

"a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff alleges the commission of several torts. After thoroughly reviewing plaintiff's amended complaint, the court finds its scant allegations do not adequately plead the elements of defamation,[2] slander,[3] assault,[4] battery,[5] or false imprisonment.[6]

---

[2]Under Delaware law, generally, the elements of defamation are: (1) a defamatory communication; (2) publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. *Bickling v. Kent Gen. Hosp., Inc.,* 872 F.Supp. 1299, 1307 (D. Del. 1994).

[3]Oral defamation. *Spence v. Funk,* 396 A.2d 967, 970 (Del. 1978).

[4]An assault is the attempt by a person, in a rude and revengeful manner, to do an injury to another person, coupled with the present ability to do it. *Lloyd v. Jefferson,* 53 F. Supp. 2d 643, 672 (D. Del. 1999).

[5]The tort of battery is the intentional, unpermitted contact upon the person of another which is harmful or offensive. *Brzoska v. Olson,* 668 A.2d 1355, 1350 (Del. 1995).

[6]False imprisonment occurs when one person unlawfully restrains the physical liberty of another and is a tort based upon the unlawful detention of one person by another. *See Shaffer v. Davis,* 1990 WL 81892, at *2 (Del. Super. June 12, 1990).

3

In addition, the court draws on its judicial experience and common sense and finds that the allegations are not plausible on their face. There are no facts to suggest that Fox broadcasters know plaintiff, much less that they had reason to mention him on a weekly basis during defendant's football pregame shows.

Finally, this court dismissed a similar complaint that plaintiff filed against CBS Sports as delusional and irrational in nature. *See Brodzki v. CBS Corp.*, Civ. No. 11-841-SLR (D. Del. Jan. 17, 2012) (slip op.). On appeal, the United States Court of Appeals for the Third Circuit found the claims were properly dismissed as frivolous and they were delusional and irrational in nature. *Brodzki v. CBS Corp.*, 2012 WL 1679425 (3d Cir. May 15, 2012) (slip op.); *see also Brodzki v. Fox Broadcasting*, 2012 WL 1609166 (3d Cir. May 9, 2012) (slip op.); *Brodzki v. Tribune Co.*, 2012 WL 1592979 (3d Cir. May 8, 2012) (slip op.). Because the court finds the amended complaint wholly lacking in both terms of credibility and rationality, the defendant's motion to dismiss will be granted. In light of the nature of plaintiff's claims, the court finds that further amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

## V. CONCLUSION

For the reasons discussed above, the court will grant defendant's motion to dismiss and will deny as moot plaintiff's motion for summary judgment. (D.I. 14, 22)

An appropriate order will be entered.

4